IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASSANDRA CATRICE FIGUEROA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-818 |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 20th day of September, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises two primary arguments as to why she believes the Administrative Law Judge ("ALJ") erred in finding her not to be disabled.  First, she argues that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence because she

1

failed to properly evaluate the medical opinion evidence. Second, she asserts that the ALJ improperly failed to consider her long work history in making her "credibility" determination. The Court disagrees on both counts and will affirm.

The crux of Plaintiff's argument regarding her RFC is that the ALJ erred in finding that she could perform "light work" (R. 24), which generally requires the ability to stand and/or walk, off and on, six hours per day, when her treating physician Elizabeth Ruberg, M.D. (R. 2877-78), and the state agency reviewer, Arcadio Agudelo Hernandez, M.D. (R. 100-16), both opined that Plaintiff could stand and walk far less than that. Specifically, Dr. Ruberg limited Plaintiff to only one hour of walking and/or standing a day (and only two hours of sitting) and indicated that she should alternate between sitting and standing every 15 minutes. (R. 2877). Dr. Hernandez limited Plaintiff to standing and/or walking no more than two hours a day. (R. 110). Plaintiff contends that these opinions as to her ambulation are inconsistent with the ALJ's RFC finding that she could perform light work, pursuant to 20 C.F.R. § 404.1567(b) and Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 (S.S.A. 1983). Plaintiff argues that the opinions of Drs. Ruberg and Hernandez are well-supported and consistent with the record and that the ALJ should have adopted their findings rather than dismissing the only two opinions in the record and making her own determination as to Plaintiff's ability and stand and walk. This error is critical, claims Plaintiff, because if she had been limited to sedentary work, combined with the other factors in this case, the medical-vocational guideline section of the Social Security Administration ("SSA)'s regulations (commonly referred to as the "grids"), 20 C.F.R., pt. 404, subpt. P, app. 2, § 201.14, would direct a finding that she was disabled.

The Court states up front that the ALJ's decision in this case is particularly thorough and comprehensive. She very clearly explained her rationale for evaluating the medical opinions as she did, citing throughout the decision specific evidence regarding Plaintiff's conservative and largely static treatment, her generally unremarkable clinical findings and medical imaging results, her own statements to doctors regarding her condition and statements regarding her functional limitations, and her activities of daily living. Contrary to Plaintiff's characterization, her daily activities were by no means transient or sporadic, but rather included frequent international travel, routine care of her grandchild, and relatively vigorous and consistent exercise. Indeed, the ALJ specifically explained that she accounted for Plaintiff's issues with ambulation by including in the RFC the requirement that she needed to use a hand-held assistive device for walking and standing and affording her the option to change position from sitting to standing every 30 minutes. (R. 24, 35).

In challenging the ALJ's thorough analysis, Plaintiff is essentially asking the Court to reconsider the evidence and adopt her own interpretation of what that evidence shows. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). "The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306

Fed. Appx. 761, 764 (3d Cir. 2009).  As discussed, the ALJ's RFC findings here were particularly well supported by the record.

Further, it does not matter that the ALJ's RFC findings regarding Plaintiff's ability to stand and walk do not correspond to a particular medical opinion, as she was not bound by the opinion of either Dr. Ruberg or Dr. Hernandez.  As this Court has consistently explained, "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011).  *See also* 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c); SSR 96-5p, 1996 WL 374183 (S.S.A. July 2, 1996).  "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006).  *See also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC need not have been found by a medical expert).  As the Third Circuit Court of Appeals explained in *Titterington*, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties."  174 Fed. Appx. at 11.  Accordingly, an ALJ is not prohibited from making an RFC assessment even if no doctor has specifically made the same findings.  *See Hayes v. Astrue*, Civ. No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

In this case, the ALJ very thoroughly explained how she considered all of the evidence and how that evidence translated into the RFC findings.  Indeed, she consistently explained precisely how she accounted for Plaintiff's various symptoms by including specific restrictions in the RFC.  (*See*, *e.g.*, R. 28, 29, 31, 32, 35).  Indeed, the ALJ constructed not just one "logical bridge" connecting her decision and the evidence, but rather an entire city of bridges.  *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014).  Given the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154, the Court has no problem determining that substantial evidence supports the ALJ's findings.

As to Plaintiff's claim that her testimony was entitled to substantial credibility because of her work history, the Third Circuit has previously indicated that an ALJ should consider affording substantial credibility to a claimant's testimony about her work capabilities when the claimant has worked for a long period of time.  *See Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979); *Taybron v. Harris*, 667 F.2d 412, 415 n. 6 (3d Cir. 1981); *Podedworny v. Harris*, 745 F.2d 210, 217 (3d Cir. 1984).  The Court notes that, despite subsequent changes to the SSA's regulations, an ALJ's consideration of a claimant's testimony is still often referred to as a "credibility" determination, though that term has been eliminated from the Commissioner's policy concerning "subjective symptom evaluation." *Schneider v. Berryhill*, No. CV 17-1299, 2019 WL 698471, at *2 (W.D. Pa. Feb. 20, 2019) (citing SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016)) (explaining SSR 16-3p "clarif[ied] that the subjective symptom evaluation is not an examination of an individual's character").  In any event, work history remains evidence ALJs are to consider as part of the inquiry into whether a claimant's subjective symptoms are supported by other evidence in the record, and a substantial work history still tends to support a claimant's "testimony about his work capabilities." *Rinier v. Berryhill*, No. CV 17-125, 2018 WL 3574941, at *4 (W.D. Pa. July 25, 2018).

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 13) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record

---

However, an ALJ does not err by failing to afford a claimant's testimony heightened consideration based *solely* on her work history. *See Corley v. Barnhart*, 102 Fed. Appx. 752, 755 (3d Cir. 2004). There generally must be other factors, such as evidence of severe impairments or attempts to return to work, for a claimant to be entitled to heightened credibility. *See id.*; *Shore v. Kijakazi*, No. CV 20-1169-SRF, 2022 WL 782701, at *10 (D. Del. Mar. 15, 2022); *Hodnett v. Saul*, No. CV 2:18-1074, 2019 WL 3778383, at *5 (W.D. Pa. Aug. 12, 2019); *Polardino v. Colvin*, No. CIV.A. 12-806, 2013 WL 4498981, at *5 (W.D. Pa. Aug. 19, 2013) (holding that "a claimant's work history alone is not dispositive of the question of her credibility, and an ALJ is not required to equate a long work history with enhanced credibility"). It is more significant that the ALJ base his or her evaluation of a claimant's testimony on a broad view of the record and that the finding be supported by substantial evidence. *See Sanborn v. Comm'r of Soc. Sec.*, 613 Fed. Appx. 171, 177 (3d Cir. 2015).

Here, there is no evidence in the record of any additional factors, such as severe impairments or attempts to return to work, that would warrant a finding of heightened credibility. Indeed, the ALJ discussed at significant length why she found that Plaintiff's subjective complaints were not consistent with the objective medical evidence and her treatment history and activities of daily living. Further, not only does the record fail to document that Plaintiff attempted to return to work, it shows that she had actually retired. (R. 26, 33). Moreover, the ALJ was clearly well aware of Plaintiff's work history in the military – her work history was discussed at length during hearing, including the fact that Plaintiff had been in military service for 20 years. (R. 55-56, 93). *See Rinier*, 2018 WL 3574941, at **4-5 (finding the ALJ "clearly was aware of" claimant's work where the ALJ calculated quarters of coverage, discussed whether claimant could perform past relevant work, referenced claimant's past jobs, and heard testimony concerning past work).

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.